IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PETER C. AQUIAR,**

       **Plaintiff,**

v.                                                    **No. CIV 02-0441 WJ/LCS**

**NEW MEXICO CORRECTIONS
DEPARTMENT, et al., WACKENHUT
CORRECTIONS CORPORATION (W.C.C.), et al.,
CORRECTIONS MEDICAL SERVICES, (C.M.S.), et al.,
LEA COUNTY CORRECTIONS FACILITY, et al.,
CORRECTIONS OFFICER VILLALOBOS,
an individual, OFFICER LT. DUTTON, DIANE GLASER,
SERGEANT BRAY,**

       **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 47), filed on June 20, 2003. On April 26, 2002, a United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this case pursuant to 28 U.S.C. § 636(b)(1). (Doc. 5.) The United States Magistrate Judge, having considered the arguments, record, relevant law, and being otherwise fully informed, recommends that this motion should be **DENIED.**

## PROPOSED FINDINGS

1.      Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, filed a civil rights complaint alleging, *inter alia*, that he incurred injuries when he was subjected to excessive force by Defendant Villalobos. The complaint seeks money damages under 42 U.S.C §1983. Plaintiff has filed a motion for summary judgment on the merits of his complaint.

2.	On December 31, 2001, Plaintiff filed a grievance concerning an incident that occurred November 23, 2001, and requested that Defendant Villalobos be relived of his duties as a corrections officer. (Def. Villalobos, *Martinez* Report, Ex. 7.) Plaintiff asserted that on November 23, 2001, after his cell was searched, Plaintiff was escorted back to his cell by Defendant Villalobos. (Def. Villalobos, *Martinez* Report, Ex. 7B.)

3.	After Defendant Villalobos uncuffed Plaintiff, Villalobos left Plaintiff's food port open and Plaintiff began dumping magazines out of his cell. (*Id*.) Plaintiff stated that Defendant Villalobos and Officer Garcia came to Plaintiff's cell door and demanded to know what Plaintiff was doing. (*Id*.) Plaintiff told Villalobos and Garcia that those magazines should have been confiscated during the search. (*Id*.) Defendant Villalobos became verbally abusive to Plaintiff and threatened to enter his cell and beat him up. (*Id*.) As Plaintiff was picking up more books to toss out of his cell, Defendant Villalobos picked up a hard cover book and "viciously threw" the book through the food port at Plaintiff, striking Plaintiff in his right elbow. (*Id*.)

4.	Plaintiff became enraged "with pain and anger." (Def. Villalobos Ex. 7B.) Officer Garcia closed the food port. (*Id*.) Defendant Villalobos had to be forcefully pulled away from Plaintiff's cell by Officer Gomez. (*Id*.) As he was being dragged away, Defendant Villalobos continued to threaten Plaintiff with physical violence. (*Id*.) After Defendant Villalobos was removed, Sergeant Perry advised Plaintiff that he would call a supervisor. (Def. Villalobos Ex. 7C.) Later, as Sergeant Ortiz was questioning Plaintiff about the incident, Defendant Villalobos returned to Plaintiff's cell and verbally abused Plaintiff until Sergeant Ortiz ordered Defendant Villalobos to leave. (*Id*.)

5.	Sergeant Perry wrote in a statement that he had no knowledge of Defendant Villalobos

being unprofessional and that the accusations were false.  (Def. Villalobos Ex. 7F.)  Defendant Villalobos wrote that Plaintiff threw trash out of his food port, that Villalobos secured the food port while Officer Garcia turned the key and that several minutes later, Plaintiff complained of pain. (Def. Villalobos Ex. 7G.)

6. Officer Garcia stated that Plaintiff threw trash and magazines out of his cell, that Garcia and Villalobos secured the food port, and that fifteen or twenty minutes later, Plaintiff started to complain.  (Def. Villalobos Ex. 7H.)  Officer Gomez wrote that Plaintiff had become upset when his pillow was confiscated, Plaintiff became verbally abusive, and that Gomez tried to calm Plaintiff down, but that Plaintiff insisted on talking to a lieutenant.  (Def. Villalobos Ex. 7I.)  Sergeant Ortiz wrote that he was not present at the time of the incident, but that he spoke to Plaintiff about the incident and saw no physical markings on Plaintiff.  (Def. Villalobos Ex. 7J.)  Plaintiff's grievance was denied on February 28, 2002.  (Def. Villalobos Ex. 7E.)

7. On November 28, 2001, M. Bush, R.N. wrote that Plaintiff had asked for documentation of the condition of his right elbow.  (Def. Glaser Ex. C; Def. Villalobos Ex. 8, Bates No. 33.)  Plaintiff stated that he was hit by a book thrown by security during a shakedown.  (*Id.*) Nurse Bush observed a bruised area on Plaintiff's right elbow approximately six to seven centimeters long and two centimeters wide that was already resolving.  (*Id.*)  On December 3, 2001, Plaintiff told Nurse Miller that he wanted Miller take a picture of his bruise.  (Def. Glaser Ex. D; Def. Villalobos Ex. 8, Bates No. 32.)  Miller observed that  Plaintiff's right lateral elbow remained bruised, but that it was in the "green-yellow healing stage" and that the tissue was remained soft.  (*Id.*)  Miller advised Plaintiff that medical staff did not take pictures.  (*Id.*)

8. A court must liberally construe *pro se* litigants' pleadings and hold them to a less

stringent standard than required of those prepared by a lawyer. *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)). When applying this standard, the Court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id*.

9. The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the non movant on an essential element of the non movant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 644, 671 (10th Cir. 1998). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue

4

for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

      10.    If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Muñoz,* 221 F.3d at 1164. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1313 (10th Cir. 1999). The substantive law at issue determines which facts are material in a given case. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

      12.    Plaintiff accuses Defendant Villalobos of using excessive physical force in violation of the Eighth Amendment. In order to establish an Eighth Amendment excessive force violation, Plaintiff must show that Defendant Villalobos acted maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). In making this inquiry, the need for the application of force must be balanced against the amount of force used. *Id*. at 7. Plaintiff need not present facts of significant injury if he also presents facts showing that Defendant Villalobos "maliciously and sadistically use[d] force to cause harm." *Id*. at 9. The *Hudson/Whitley* standard applies whether or not the force was used to quell a disturbance. *DeSpain v. Uphoff*, 264 F.3d 965, 978 (10th Cir. 2001).

13.     Defendant Villalobos has submitted evidence he did not throw anything at Plaintiff and that Plaintiff was not injured. (Def. Ex. 7F, 7G, 7H, 7I, 7J.) Plaintiff stated that Defendant Villalobos maliciously threw a hard cover book at him through his food port while Plaintiff was locked in his cell and that the book hit Plaintiff and bruised his elbow. (Def. Ex. 7B, 7C.) On November 23, 2001, medical personnel observed a bruise and abraded skin on Plaintiff's elbow. (Def. Villalobos Ex. 8, Bates Nos. 35.) The bruise was still evident ten days later. (Def. Villalobos Ex. 8, Bates Nos. 35.)

14.     On summary judgment, the Court must examine the record and make all reasonable inferences in the light most favorable to the non-moving party. *Muñoz*, 221 F.3d at 1164. The facts, viewed in the light most favorable to Defendant Villalobos, show that Defendant Villalobos did not use force against Plaintiff. Material issues of fact remain in dispute as to whether Defendant Villalobos used excessive force against Plaintiff. There will questions of fact that must be resolved by the fact finder at trial. Plaintiff's Motion for Summary Judgment should be denied.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion for Summary Judgment (Doc. 47), filed on June 20, 2003, be **DENIED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections

are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**